UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | | |
|---|---|---|---|
| JOSEPH HARTSOCK, | ) | | |
| | ) | CAUSE NO. | 1:01-CV-004 WL |
| Plaintiff, | ) | and CAUSE NO. | 1:01-CV-018 WL |
| vs. | ) | | 1:01-CV-071 WL |
| | ) | | 1:01-CV-077 WL |
| MATTHEW CADE, *et al.* | ) | | 1:01-CV-238 WL |
| | ) | | |
| Defendants. | ) | | |

OPINION AND ORDER

Joseph Hartsock, a *pro se* prisoner, wrote this court a vulgar letter inquiring about his filing fees in which he asks, "what the f*** is going on." Letter at 1 (asterisks added). Mr. Hartsock cites six cases for which he is being charged. This opinion addresses only the five cases identified in the caption of this case. The sixth case, *Hartsock v. Allen County Jail*, 1:04-CV-422 TS (N.D. Ind. filed Nov. 12, 2004) involves ongoing matters related to his filing fees before another judge of this court and is therefore properly addressed solely in that case.

Mr. Hartsock argues that the court costs were paid by the defendants in 1:01-CV-18 and 1:01-CV-077. The records of this court show that there is a balance due for both of those cases. Pursuant to this court's orders in those cases and pursuant to 28 U.S.C. § 1915, Mr. Hartsock is liable for the payment of those filing fees. No agreement that Mr. Hartsock may have reached with the defendants could have obviated his legal obligation to pay this court.

Mr. Hartsock also states, "I don't know where the hell ya'll got" 1:01-CV-238. This case was filed by Mr. Hartsock on June 19, 2001 against Sheriff James

Herman, Jail Commander Thomas H. Hathaway, and Allen County. It is unclear why Mr. Hartsock does not remember this case, but the record shows that he has already made seventeen payments on this case from May 2002 until November 2003.

Pursuant to *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997) *overruled on other grounds* by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000), the courts are to monitor prison officials' calculation of installment payments. Therefore, this court has reviewed Mr. Hartsock's prison trust account ledger from March 13, 1996 to June 1, 2005.

Mr. Hartsock has unpaid filing fees in all five of these cases.

|    | Case          | Type               | Order Date & Docket # | Balance    |
|----|---------------|--------------------|-----------------------|------------|
| 1) | 1:01-CV-004   | District Filing Fee | 2/2001, # 3          | $ 137.81   |
| 2) | 1:01-CV-018   | District Filing Fee | 2/2001, # 2          | $ 137.81   |
| 3) | 1:01-CV-071   | District Filing Fee | 3/2001, # 2          | $  29.99   |
| 4) | 1:01-CV-077   | District Filing Fee | 3/2001, # 3          | $ 137.81   |
| 5) | 1:01-CV-238   | District Filing Fee | 8/2001, # 3          | $  29.99   |
|    |               |                    | *TOTAL*               | *$ 473.41* |

28 U.S.C. § 1915(b)(2) requires that an inmate pay 20 percent of the preceding month's income credited to the prisoner's account.

> This [statutory] language places on the prisoner a responsibility to remit at this rate – no greater, but no less either. A prisoner who fails to ensure that the required sum is remitted in one month must make it up later; *the statute does not allow deferral past the time when application of the formula would have produced full payment.*

*Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998) (emphasis added).

2

> A prisoner who filed one suit remits 20 percent of income to his prison trust account; a suit and an appeal then must commit 40 percent, and so on. Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid . . ..

*Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997) *overruled on other grounds* by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000).

In December 2001, Mr. Hartsock received $1,000.00. Because the filing fee order in each of these cases had been entered before that date, Mr. Hartsock was obligated to pay toward all five of these filing fees. Because 20% of $1,000.00 ($200.00) exceeds the full amount of the original filing fee ($150.00) for each of these cases, Mr. Hartsock was obligated to have paid off all of these fees in December 2001. This means that Mr. Hartsock can no longer defer payment of the filing fees that should have been paid ($473.41) and that he must therefore remit 100% of his income until these arrearage amounts have been paid in full. Because Mr. Hartsock is delinquent in paying these fees and because he may no longer defer their payment, it is no longer relevant whether he receives ten or more dollars in a month: all of Mr. Hartsock's income must be taken to pay the arrearage amounts.

For the foregoing reasons, the court:

(1) **ORDERS** the agency having custody of **Joseph Hartsock, IDOC #996460**, to remit all of the money in Mr. Hartsock's prisoner trust account (not

3

to exceed $473.41) to the clerk of the court in payment of these arrearage amounts;

(2) **ORDERS** the agency having custody of Joseph Hartsock to remit 100% of Mr. Hartsock's future income until it has payed these arrearage amounts totaling $473.41; and

(3) **DIRECTS** the clerk to mail a copy of this order to the inmate trust account department of the institution or facility where Mr. Hartsock is currently housed.

SO ORDERED.

ENTERED: June  2 , 2005

                                           S/William C. Lee
                                           William C. Lee, Judge
                                           United States District Court